# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM GODSCHALL,<br><br>        *Plaintiff*,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration, [1]<br><br>        *Defendant*. | CIVIL ACTION<br>NO. 18-1647 |

**PAPPERT, J.**                                                                                                                     December 20, 2019

## **MEMORANDUM**

William Godschall seeks judicial review of the Commissioner of Social Security's denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. § 423, et seq. Magistrate Judge Timothy R. Rice issued a Report and Recommendation to which the Commissioner of Social Security filed objections and Godschall filed a response. Upon careful consideration of the Commissioner's objections, Godschall's response and the administrative record, the Court overrules the Commissioner's objection, adopts the R&R and directs an award of DIB as of the date of Godschall's 55th birthday.

### I

To receive DIB, Godschall must demonstrate that he is unable to "engage in any substantial gainful activity" because of a disability. 42 U.S.C. § 423(d)(1)(A). The

---

[1]     Andrew M. Saul became the Commissioner of the Social Security Administration on June 4, 2019. He is substituted as the Defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Commissioner has established a five-part sequential test for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). It is Godschall's burden to establish steps one through four—that he is not currently engaged in substantial gainful activity (step one), has a severe physical or mental impairment (steps two and three) and does not have the "residual functional capacity"[2] to return to past relevant work (step four). *See* 20 C.F.R. § 404.1520(a)(4)(i)-(iv). The burden shifts to the Commissioner to establish step five: whether Godschall can perform other jobs existing in the national economy when considering his residual functional capacity and his age, education and past work experience. *See id.* § 404.1520(a)(4)(v); *see also Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010).

## A

Godschall filed his DIB application on July 20, 2012, more than seven years ago. (Administrative Record ("R.") 334-35, 354, ECF Nos. 4-7 & 4-8.) Following a hearing, ALJ John Fitzpatrick denied his claim. (*Id.* at 164-81, ECF No. 4-4.) The Appeals Council granted Godschall's request for review and remanded the case. (*Id.* at 182-87, ECF No. 4-4.) After a hearing (*id.* at 37-77, ECF No. 4-2), ALJ Regina Warren determined that Godschall was not disabled at the fifth step of the sequential evaluation. (*Id.* at 19-36.). Specifically, she found that through the date last insured, when Gosdchall was 55 years old (*id.* at 29),

> he had the residual functional capacity to perform *medium work . . . except for* some mental, nonexertional limitations. [He] was able to function in production oriented jobs with minimal social interaction. He was able to make simple, work-related decisions, and perform jobs not requiring

---

[2] An individual's residual functional capacity is "the most [he or she] can still do" in a work setting despite limitations from his or her impairments. 20 C.F.R. § 404.1545(a). The RFC determination accounts for a claimant's physical and mental abilities. *Id.* §§ 404.1545(b) and (c).

2

> complicated tasks. He required a low stress work environment with no pace work and no continuous interaction with the public. He was able to be around co-workers and supervisors in proximity, but he worked best on independent, unskilled work assignments, requiring minimal social contact to complete. [Godschall] was limited to having few work place changes.

(*Id.* at 26 (emphasis added).) The ALJ explained that because Godschall's "ability to perform all or substantially all of the requirements of [medium] work was impeded by additional limitations," she "asked the vocational expert whether jobs existed in the national economy for an individual with [Godschall's] age, education, work experience, and residual functional capacity." (*Id.* at 29; see also *id.* at 65.) At the hearing, the vocational expert testified that an individual like [Godschall]

> would be able to perform the requirements of representative occupations as a laundry worker . . . , of which there are 115,000 jobs nationally, a general sorter . . . , of which there are 170,000 jobs nationally, and a packer . . . , of which there are 25,000 jobs nationally.

(*Id.* at 30.) Each of these occupations are classified as "light" exertional occupations. (*See id.* at 66-67 (testimony of vocational examiner citing the Dictionary of Occupation Titles).) Because Godschall "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy" – the occupations identified by the vocational expert – the ALJ concluded that a finding of "not disabled" was "appropriate." (*Id.* at 30.) The Appeals Council denied Godschall's request for review, making the ALJ's decision the Commissioner's final decision.[3] (*Id.* at 1-6.)

B

Godschall filed this lawsuit on April 18, 2018. *See* (Compl., ECF No. 1). In his Brief and Statement of Issues in Support of his Request for Review, he argued, in

---

[3] Godschall was represented by counsel throughout the entire administrative process. (R. at 85, 196-99, ECF Nos. 4-2 & 4-5).

3

relevant part, that the ALJ did not meet her burden to deny an award of benefits at step 5 of the sequential evaluation (Pl.'s Br. at 17, ECF No. 8.) Godschall noted that the three occupations identified by the vocational expert are all "light" work, not "medium" and asserted that "Vocational Rule 202.04 requires a finding that [he] has been disabled since attaining the age of 55 if he is limited to light work."[4] (*Id.* at 17-18.) Godschall argued that the ALJ cannot overcome the Grid Rule[5] "based on vocational expert testimony" and thus "[t]he ALJ could not meet the agency's burden at step five with respect to the period since Plaintiff attained age 50[ ][6] based on vocational expert testimony identifying light occupations." (*Id.* at 17.)

The Commissioner responded that Godschall's "argument misses the mark" because "substantial evidence supports the ALJ's decision that Godschall could perform medium work . . . ." (Def.'s Resp. at 18, ECF No. 9.)

Godschall replied that the Commissioner's argument did not address the ALJ's ultimate assessment of his residual functional capacity. (Pl.'s Reply at 9, ECF No. 11.) The ALJ concluded that "he had the residual functional capacity to perform medium

---

[4] Godschall contends that he "was between 50 and 54 years old, and thus 'closely approaching advanced age,' during part of the adjudicated period" and "was 55 years or older, and thus an individual of 'advanced age,' during the rest of the adjudicated period." (Pl.'s Br. at 17.)

[5] The Social Security regulations' Medical-Vocational Guidelines or "Grid Rules," were promulgated through administrative rulemaking "to improve both the uniformity and efficiency" of the step 5 determination. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000).

> The grids consist of a matrix of four factors – physical ability, age, education, and work experience – and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. Where a claimant's qualifications correspond to the job requirements identified by a rule, the guidelines direct a conclusion that work exists that the claimant can perform.

*Id.* (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 2).

[6] At age 50, Godschall would have been "closely approaching advanced age" under the Social Security regulations. 20 C.F.R. § 404.1563(d).

4

work . . . *except for* some mental, nonexertional limitations." (R. at 26, ECF No. 4-2 (emphasis added).) Factoring in these limitations, the vocational examiner then testified that there were light work jobs that Godschall could perform and that exist in significant numbers. *(Id.* at 30.) Godschall argued that "the agency's burden is to show that significant numbers of suitable medium jobs exist" and it "could not meet this burden by identifying suitable light jobs." (Pl.'s Reply at 9.)

C

Magistrate Judge Rice's July 30, 2019 R&R recommended awarding benefits as of the date of Godschall's 55th birthday, concluding that the Commissioner failed to meet his step five burden as of that date. (R&R at 2, ECF No. 24.) When a claimant like Godschall turns 55, he or she reaches "advanced age." *See* 20 C.F.R. § 404.1563. The R&R explained that "[t]he ALJ relied on VE testimony to find Godschall could perform the jobs of laundry worker, general sorter, and packer" and that "[a]though the ALJ's RFC included the capacity for medium work, these positions all require light work." (R&R at 17.) The R&R concluded that when Godschall turned 55, a finding of "disabled" was directed by Rule 202.04 of the Grid Rules, 20 C.F.R. Pt. 404, Subpt. P, App'x 2, § 202.04, because the ALJ "provided no evidence to show there were medium jobs Godschall could perform in the national economy. (R&R at 18.)

D

The Commissioner objects to the recommended award of benefits effective as of Godschall's 55th birthday and contends that "[i]f the Court adopts the recommendation, it will be making an award of benefits without knowing whether or not Godschall is disabled." (Def.'s Obj. at 1, ECF No. 25.) He argues that "the record is not fully

5

developed and remand for supplementary vocational expert testimony w[ould] resolve the perceived evidentiary omission." (*Id.*)

Godschall responds that the Commissioner's suggested remedy, remand for additional vocational expert testimony, is not warranted because, "[t]o meet the agency's step-five burden, the ALJ needed to establish the existence of significant numbers of suitable medium jobs" and she did not. (Pl.'s Resp. to Def.'s Obj. at 2, ECF No. 27.) Godschall contends that because he met his burden, and the Defendant failed to meet his, an award of benefits is appropriate." (*Id.*)

II

The Court reviews *de novo* those portions of the R&R to which the Commissioner objects.[7] *See* 28 U.S.C. § 636(b)(1); *see also Brown v. Astrue*, 649 F.3d 193 (3d Cir. 2011). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The Court "exercise[s] plenary review over legal conclusions reached by the Commissioner." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citation omitted). However, the Court is "not permitted to re-weigh the evidence or impose [its] own factual determinations." *Id.* (citation omitted). The Court's role on review is to determine whether the ALJ's determinations were supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is evidence that a "reasonable mind

---

[7] When no objections are made to an R&R, "the court should, as a matter of good practice, 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Latorre v. Wetzel*, No. 15-280, 2016 WL 3014874 at *1 (E.D. Pa. May 26, 2016) (quoting Fed. R. Civ. P. 72(b) advisory committee's note); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every R&R). For the portions of the R&R to which neither party objected, no clear error appears on the face of the record and the Court accordingly accepts Judge Rice's report.

6

might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citation omitted). "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). A judicially-ordered award of benefits is proper only where the record has been fully developed and the substantial evidence as a whole indicates the claimant is disabled. *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000); *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).

### III

"[A]ny evaluation of whether substantial evidence on the record as a whole indicates that the plaintiff is disabled and entitled to benefits should . . . take into account . . . which party bears the burden of proof and production on issues of disability." *Diaz v. Berryhill*, 388 F. Supp. 3d 382, 392 (M.D. Pa. 2019). At step 5, it was the Commissioner's burden, not Godschall's, to show that jobs exist in significant number in the national economy that he could perform consistent with his age, education, work experience and residual functional capacity. *See* 20 C.F.R. § 404.1520(a)(4)(v); *see also Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010).

Substantial evidence supported the ALJ's finding that Godschall was not disabled prior to reaching age 55. As the Commissioner acknowledges, the ALJ determined "that Godschall retained the residual functional capacity . . . to perform medium exertional work with additional non-exertional limitations." (Def.'s Obj. at 1, *citing* R. at 26.) Because Godschall's ability to perform medium work was impeded by

7

nonexertional limitations, the ALJ was required to rely on a vocational examiner's testimony to reach her final determination regarding his eligibility to receive DIB. *See Sykes v. Apfel*, 228 F.3d 259, 270 (3d Cir. 2000) (holding that the Commissioner cannot meet the step 5 "burden by relying exclusively on the grids when the claimant has both exertional and nonexertional impairments"). The vocational examiner testified that an individual with Godschall's age, education, work experience and residual functional capacity would be able to perform the requirements of representative occupations involving light work: laundry worker, general sorter and packer. (R. at 30, ECF 4-2.) This testimony was enough to support the ALJ's conclusion that Godschall was not disabled prior to his 55th birthday.

However, there is not substantial evidence to support the ALJ's finding that Godschall was not disabled upon reaching age 55. The vocational expert's testimony did not identify any suitable jobs involving medium work. As the R&R concludes, when a claimant reaches "advanced age" (or age 55), the Grid Rules direct a finding of disabled where the claimant, like Godschall, has a high school education, unskilled prior relevant work and can perform only light work. (R&R at 18, *citing* 20 C.F.R. Pt. 404, Subpt. P, App'x 2, § 202.04.) Godschall's 55th birthday matters because, as the Social Security regulations explain, "at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563 (e). Even if the Grid Rules do not automatically apply to direct a conclusion of disabled, the Commissioner concedes that the grids provide a "framework" and, in that circumstance, it is "the *Commissioner* [who] must produce vocational evidence that the particular claimant retains the ability to perform specific jobs that exist in the

national economy." (Obj. at 2-3 n.2 (emphasis added). This is precisely what the Commissioner has not done.

The Commissioner's objection, "in effect, asks this court for a second chance to prove his case because the testimony given by the first vocational expert" was not sufficient to serve as substantial evidence that Godschall could not perform medium work. *Allen v. Bowen*, 881 F.2d 37, 44 (3d Cir. 1989). The Commissioner argues that remand for further vocational expert testimony is required because

> it is unclear whether the vocational expert offered light jobs because that was all that existed, because he did not realize that the difference was material for this claimant (light v. medium became relevant under the grids when Godschall turned 55, which was at the end of the relevant disability period), or simply in error.

(Def.'s Obj. at 2.) However, "that the expert the [Commissioner] hired either made a mistake or testified in a manner [the Commissioner] now regrets" is not enough to require a remand for further testimony. *Allen*, 881 F.2d at 44. Because the Commissioner did not meet his burden of showing that there are medium jobs that Godschall could perform, substantial evidence does not support the ALJ's conclusion with respect to Godschall's ineligbility for DIB after he turned 55. Remand for an award of benefits is appropriate. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008) (remanding for an award of benefits where the claimant had "waited a remarkably long time [(eight years)] for a final decision on her disability application" and "substantial evidence on a fully developed record" showed that she was disabled).

IV

The Court overrules the Commissioner's objection and approves and adopts the Magistrate Judge's R&R finding that, as of the date Godschall turned 55, a finding of

9

"disabled" was directed by Grid Rule 202.04. The Court will direct an award of benefits to Godschall as of the date of his 55th birthday.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.