# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM GODSCHALL, <br><br> *Plaintiff,* <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of the Social Security Administration, <br><br> *Defendant.* | CIVIL ACTION <br> NO. 18-1647 |

**PAPPERT, J.**                                                        **February 11, 2020**

## MEMORANDUM

The Commissioner of Social Security Andrew M. Saul moves to alter the Court's judgment directing an award of Social Security Disability Insurance Benefits ("DIB") to claimant William Godschall as of the date of his 55th birthday. The Court denies the motion.

The Commissioner contends reconsideration is required to correct an error of law or to prevent manifest injustice. (Def.'s Mot., ECF No. 30, at 1.) *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (identifying reasons for altering or amending a judgment). He argues remand for additional vocational expert testimony is necessary because "Godschall's record was not fully developed on the critical point, *i.e.*, whether or not there are medium jobs that he could perform." (Def.'s Mot. at 3.) The Commissioner also argues that it would be unjust to require the Government "to pay disability benefits to an individual who may not meet the statutory disability standard" where the agency "fail[ed] to obtain definitive vocational expert testimony at the hearing." (*Id.*)

It was "the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 103-04 (2000).

> ALJ hearings are inquisitorial and driven by the agency rather than the claimant: Whereas ALJs must "look[ ] fully into the issues," "[a]ccept[ ] as evidence any documents that are material to the issues," and "decide when the evidence will be presented and when the issues will be discussed," . . . claimants need not even state their case or present written arguments . . . .

*Cirko on behalf of Cirko v. Comm'r of Soc. Sec.*, No. 19-1772, 2020 WL 370832, at *4 (3d Cir. Jan. 23, 2020) (quoting 20 C.F.R. §§ 404.944 and 404.949). "[T]he agency, not the claimant, has primary responsibility for identifying and developing the issues, . . . such that the ALJ takes an active investigatory role and shoulders a statutory obligation to obtain evidence, to order medical testing, and to request witnesses." *Id.* (citations, internal quotations and modifications omitted). As the Court previously held, "it is the Commissioner who must produce vocational evidence that the particular claimant retains the ability to perform specific jobs that exist in the national economy." *Godschall v. Saul*, No. 18-1647, 2019 WL 6974974, at *4 (E.D. Pa. Dec. 20, 2019) (internal quotation and alteration omitted); *see also Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) ("the Commissioner bears the burden of proof at step five"); *Woody v. Sec'y of Health & Human Servs.*, 859 F.2d 1156, 1159 (3d Cir. 1988) ("the burden shifts to the Secretary to demonstrate that the claimant has sufficient 'residual function[al] capacity' to perform a job available in the national economy"); 20 C.F.R. § 404.1520(a)(4)(v) ("At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.").

The Commissioner seeks reconsideration because "neither the ALJ nor

Godschall's counsel asked the vocational expert if medium exertional jobs were available." (Def.'s Mot. at 3.) The Commissioner's motion again, "in effect, asks this court for a second chance to prove his case because the testimony given by the first vocational expert" was not enough to serve as substantial evidence that Godschall could not perform medium work. *Allen v. Bowen*, 881 F.2d 37, 44 (3d Cir. 1989). He attempts to distinguish *Allen's* decision to remand with a direction to award benefits, arguing that the vocational evidence in *Allen*, unlike here, "was sufficiently developed such that the court could conclude that the claimant was not disabled." (Def.'s Mot. at 1.) But here, like in *Allen*, the administrative record was fully developed.

The ALJ investigated the availability of suitable medium work. Her decision acknowledged that Godschall was 55 years old, or "of advanced age" on the date last insured; a fact with implications for the ALJ's application of the Social Security regulations' Medical Vocational Guidelines or "Grid Rules" to his claim for DIB. (R. 29.) She explicitly asked the vocational examiner hypothetical questions about the availability of jobs for "a person of the claimant's same age, education, work experience who could perform medium work as medium is defined in the regulations" when considering additional mental, nonexertional limitations, such as requiring a "low stress work environment," "no pace work," or "minimal social interaction." (R. 65-66.) In response, the vocational examiner did not identify suitable medium jobs, as would have been required to support a finding of "not disabled" under the Grid Rules after Godschall turned 55. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 2, § 202.04. Instead, the vocational examiner identified only light work occupations. (R. 66-67.)

The Court cannot "assume facts for which there is no supporting evidence in the

record," *i.e.*, that there are suitable medium jobs available to Godschall. *Allen*, 881 F.2d at 43. Likewise, in *Allen*, the Third Circuit declined to "assume there are skilled or semiskilled positions available to the claimant in a case in which the Secretary's vocational expert was specifically asked what jobs were available to the claimant and responded naming only unskilled positions." *Id.* There is "no reason to remand for further fact finding" where Godschall "established a *prima faci[e]* case of entitlement, the record was fully developed, and" the Commissioner has not shown "good cause for the "failure to adduce all the relevant evidence in the prior proceeding . . . ." *Id.*

The Commissioner did not meet his burden of showing that there are available suitable medium jobs and he has not shown that it was manifestly unjust or a clear error of law to remand solely for an award of benefits. *See Burton v. Bowen*, 704 F. Supp. 599, 606 (E.D. Pa. 1989) (remanding for an award of benefits where the Secretary "failed to adduce substantial evidence to rebut plaintiff's prima facie case").

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4